JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD
California State Bar # 293543
Asst. Federal Public Defender
Attorney for Defendant
benjamin_good@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Levian D. Pacheco,<br><br>    Defendant. | No. CR-17-1152-PHX-SPL<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION** |

Defendant Levian D. Pacheco, through the undersigned counsel, respectfully submits the following memorandum in opposition to the government's motion to detain him.[1] A detention hearing before the Honorable U.S. Magistrate Judge Bridgette S. Bade will be held on October 20, 2017 at 9:30 a.m. In anticipation of issues that may arise at the hearing, Mr. Pacheco provides the following memorandum of points and authorities.

**I.  Mr. Pacheco has legal status in this country through the Cuban Adjustment Act.**

---

[1] This is not a presumption case. The presumption grounds in 18 U.S.C. § 3142(e)(2) do not apply because Mr. Pacheco has no criminal history, and Mr. Pacheco's charges are not enumerated in § 3142(e)(3)(E).

1

Mr. Pacheco is from Cuba. On information and belief, he obtained legal permanent resident ("LPR") status through the Cuban Adjustment Act approximately three years ago. This Act permits the Attorney General to grant LPR status to Cuban nationals who (1) were paroled into the United States; (2) have been present in the United States for one year; and (3) are admissible as immigrants. *See* U.S. Citizenship & Immig. Servs., *Green Card for a Cuban Native or Citizen*, https://www.uscis.gov/greencard/caa (last visited Oct. 19, 2017). There is no "credible fear" requirement for parole or adjustment under the Act.

The government has suggested to defense counsel that Mr. Pacheco's "asylum application" may have been fraudulent because he returned to Cuba in August 2017 to visit his family after his mother passed away, and he therefore must not have had a credible fear of persecution in Cuba. Even if this argument made sense, it is based on a misunderstanding of Mr. Pacheco's basis for legal status. As explained above, Mr. Pacheco's status has nothing to do with asylum or fear of persecution. Mr. Pacheco immigrated legally under the Cuban Adjustment Act in order to work towards a better life for himself and his family. His visit to Cuba following his mother's death does not undermine his basis for legal status in the United States or his character for truthfulness.

**II. Mr. Pacheco voluntarily returned to this country after his trip to Cuba despite knowing that there was a warrant for his arrest.**

The charges against Mr. Pacheco stem from alleged incidents in July 2017. Mr. Pacheco traveled to Cuba on August 3, 2017 to visit his mother's grave after she passed away in May 2017. On information and belief, at some point while Mr. Pacheco was away, federal agents came looking for him at his father's house

and informed his father that they had a warrant for Mr. Pacheco's arrest. Mr. Pacheco learned about this from his father while he was in Cuba. Despite knowing he would be arrested, Mr. Pacheco returned to the United States to face his charges. This is strong evidence that Mr. Pacheco is not a flight risk.

### III. The pendency of charges in this case will not cause Mr. Pacheco to be placed in removal proceedings or lose his legal status.

Most of the criminal deportability grounds require a conviction before they are triggered. *See* 8 U.S.C. § 1227(a)(2). There are limited grounds that apply upon the mere commission of an offense, *see id.* §§ 1227(a)(2)(F) & 1182(a)(2)(H) (human trafficking), but no such ground applies in this case. Accordingly, if Mr. Pacheco is released, there will be no removal proceedings that could compromise his ability to attend these proceedings.[2] Nor would there be any motive for him to flee based on the threat of such proceedings.

### IV. Mr. Pacheco has strong connections in this community, no criminal history, and only limited connections abroad.

Mr. Pacheco has no criminal history—not even an arrest. Furthermore, even if the allegations in this case were true—and he is, of course, presumed innocent—they would demonstrate at most a crime of opportunity, not a danger to the community at large. Mr. Pacheco is accused of inappropriately touching three wards in a shelter where he worked. He no longer works at this shelter or has contact with minors; the allegations against him therefore do not suggest any realistic danger to the community, and his lack of criminal history would, in any event, strongly rebut any such suggestion.

---

[2] In any event, the risk of flight under the Bail Reform Act is not cognizable unless it is *voluntary* flight; the specter of immigration detention and removal are not grounds for pretrial detention. *See United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015).

The two closest people in Mr. Pacheco's life—his father and his romantic partner, Armando Rocha—both live in Phoenix and have LPR status. Mr. Pacheco lives with his father, and would return there if released. There are no children at the residence. Mr. Pacheco has no history of substance abuse, and, although he no longer has his previous job, his legal status permits him to work in this country. Mr. Pacheco's family in Cuba is limited to his sister, his nephew, and his grandmother, and they all plan to leave the island for the United States as soon as possible. Mr. Pacheco left Cuba to escape poverty and lack of opportunity there. If he fled, his connections in this country would go up in smoke.[3]

\* \* \*

For the reasons explained above, and to be addressed at tomorrow's hearing, the government cannot carry its burden of proving that Mr. Pacheco is either a flight risk or a danger to the community. He should therefore be released.

Excludable delay under 18 U.S.C. § 3161(h) is not expected to occur as a result of this motion or an order based thereon.

Respectfully submitted: October 19, 2017.

          JON M. SANDS
          Federal Public Defender

          *s/Benjamin Good*
          BENJAMIN GOOD
          Asst. Federal Public Defender

---

[3] The Pretrial Services Report indicates that Mr. Pacheco has a passport from Spain. He obtained this passport legally, through his father, as a means of escaping Cuba. He has no connections in Spain and has never been there.

| | |
|---|---|
| 1 | Copy of the foregoing transmitted |
| 2 | by ECF for filing October 19, 2017, to: |
| 3 | CLERK'S OFFICE |
| 4 | United States District Court |
|   | Sandra Day O'Connor Courthouse |
| 5 | 401 W. Washington |
| 6 | Phoenix, Arizona 85003 |
| 7 | ROGER DOKKEN |
| 8 | Assistant U.S. Attorney |
|   | United States Attorney's Office |
| 9 | Two Renaissance Square |
| 10 | 40 N. Central Avenue, Suite 1200 |
| 11 | Phoenix, Arizona 85004-4408 |
| 12 | Copy held for: |
| 13 | |
| 14 | LEVIAN D. PACHECO |
|   | Defendant |