JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD, NY #5415914
GERALD A. WILLIAMS, AZ #013115
Asst. Federal Public Defenders
Attorneys for Defendant
benjamin_good@fd.org
gerald_williams@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-17-1152-PHX-SPL |
|---|---|
| Plaintiff, | **MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE DEFENDANT'S PURPORTED HIV STATUS** |
| vs. | |
| Levian Pacheco, | **(Oral Argument Requested)** |
| Defendant. | |

Defendant Levian Pacheco, through the undersigned counsel, respectfully moves this Court pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence to preclude the government from introducing evidence about Mr. Pacheco's purported HIV status. There is no conduct alleged in the indictment that carries any realistic risk of HIV transmission, and HIV positive status carries significant stigma. Accordingly, Mr. Pacheco's status is not relevant under Rules 401 and 402 and introducing evidence on this topic would be unduly prejudicial

1

under Rule 403. In support of this motion, Mr. Pacheco files the following Memorandum.[1]

Respectfully submitted: August 3, 2018.

                        JON M. SANDS
                        Federal Public Defender

                        *s/Benjamin Good*
                        BENJAMIN GOOD
                        Asst. Federal Public Defender

---

[1] Pursuant to L.R. Civ. 7.2(l) and L.R. Crim. 12.1(a), defense counsel certifies that the parties have conferred via email about the disputed evidentiary issues in this motion and have not resolved their differences.

# MEMORANDUM

## I. Background

Mr. Pacheco is charged with eight counts of abusive sexual contact of a ward and three counts of sexual acts with a ward. With one exception (Count 8), all of the allegations of abusive sexual contact entailed contact over the alleged victims' clothing. Two of the three allegations of sexual abuse (Counts 9 and 10) entailed oral sex; one of them entailed attempted anal sex (Count 11).

On August 23, 2017, after a meeting with members of the Southwest Center for HIV/AIDS, two of the alleged victims requested to be tested for HIV; the rest denied any sexual activity with Mr. Pacheco and declined to be tested. One of the alleged victims requesting testing, John Doe Eight, did so because he claimed Mr. Pacheco had kissed him on the cheek. The other, John Doe Four, did not state his reason. John Doe Eight alleges that Mr. Pacheco performed oral sex on him and attempted to be anally penetrated by him (Counts 10 and 11). John Doe Four alleges abusive sexual contact over the clothes (Count 5).

On March 30, 2018, the government noticed its intent to introduce expert testimony regarding Mr. Pacheco's alleged HIV-positive status. Doc. 70 at 2. The purpose it offered for such testimony was to rebut any argument by the defense that the alleged offenses could not have occurred because HIV was not transmitted to the alleged victims. *Id.* On August 2, 2018, the defense informed the government that it will not make any such argument. The government responded that it nevertheless intends to introduce such evidence for a more general purpose:

> The fact that Pacheco is HIV positive is relevant to the charges. His disclosure of his HIV status is what prompted the HIV educational advisement to the kids, which in turn prompted additional disclosure of

3

sexual abuse. HIV testing at the victim's request is corroboration that the nature of the sexual abuse could have resulted in transmission.

## II.  Argument

Rules 401 and 402 of the Federal Rules of Evidence govern relevance; they require that evidence be material and probative in order to be admissible. Fed. R. Evid. 401 & 402. Rule 403 permits a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Note. Evidence of Mr. Pacheco's purported HIV status is not relevant in this case because no one accuses him of any conduct that could realistically have transmitted HIV, and it is unduly prejudicial because of the stigma that attaches to having HIV. The government should therefore be precluded from introducing it at trial.

### A. HIV Evidence Is Not Relevant.

It is undisputed that "the types of sexual contact in this case would not likely result in transmission of HIV" because "only three bodily fluids have been shown to transmit HIV: blood, semen and breast milk. Other bodily fluids, such as saliva, tears and urine have never been shown to harbor a sufficient quantity of the virus for transmission." Doc. 70 at 2 (government summary of its HIV expert's opinion). More official sources clarify that "[i]n general, there's little to no risk of getting HIV from oral sex" and that transmission through male-on-male oral sex is only possible "if an HIV-positive man ejaculates in his partner's mouth during oral

4

sex."[2] Mr. Pacheco is accused of touching the alleged victims with his hand over their clothing; touching one of them with his hand under his clothing; performing oral sex (with no ejaculation); and attempting (unsuccessfully) to receive anal sex. Because this conduct does not transmit HIV, Mr. Pacheco has no intention of arguing that the victims' HIV status has any relevance. Consequently, the government should be precluded from using expert testimony—or any other evidence—to address Mr. Pacheco's HIV status.

The government claims that HIV is relevant because the HIV counseling the alleged victims received prompted their disclosure. But the record indicates otherwise. There were seven individuals present at the August 23, 2017 counseling session. Three of them had already disclosed the alleged abuse; two of them have never alleged any sexual conduct with Mr. Pacheco; one of them (John Doe Eight) asked for testing because he claimed he had been kissed on the cheek, and only months later began to make allegations of sexual conduct with Mr. Pacheco. That leaves one other alleged victim present at the meeting: John Doe Four. While he indeed appears to have been interviewed by the Mesa Police Department (MPD) because of his request for an HIV test, he *denied* during that interview ever having been inappropriately touched by Mr. Pacheco. Only months later, on his lawyer's prompting, did he seek a second interview with the MPD and, for the first time, allege abusive sexual contact.[3] It is pure speculation, unsupported by the record, to suggest that the HIV counseling prompted the allegations in this case.

---

[2] HIV.gov, *How Is HIV Transmitted?*, https://www.hiv.gov/hiv-basics/overview/about-hiv-and-aids/how-is-hiv-transmitted (last visited August 3, 2018). There are no allegations of ejaculation during oral sex in this case; both instances of oral sex involved Mr. Pacheco allegedly performing oral sex.

[3] He obtained a u-visa certification based on this allegation.

Finally, whatever is meant by the government's claim that "HIV testing at the victim's request is corroboration that the nature of the sexual abuse could have resulted in transmission" does not change the analysis. For one thing, the government has also noticed its intent to prove that the alleged conduct in this case "would *not* likely result in transmission of HIV." Doc. 70 at 2 (emphasis added). In any event, because no victim alleges conduct that could have transmitted HIV, there is nothing to "corroborate." The requests for HIV tests—one of which was purportedly because of a kiss on the cheek—suggest at most that the victims have not received effective sex education, or that they harbor irrational fear of, or animus towards, persons with HIV, or both. None of those topics is relevant in this case.

**B. HIV Evidence Is Unduly Prejudicial.**

Evidence of Mr. Pacheco's HIV status is also quintessentially the sort of evidence that should be excluded under Rule 403. Societal biases against persons who are HIV positive are well known. And the effect learning about Mr. Pacheco's HIV status on the public's view of this case has already been demonstrated: in the media coverage of this case Mr. Pacheco's HIV status is front and center.[4] There is no question in light of this coverage that any evidence of HIV status would have an outsized effect on the jury's view of the case.

The government's intent to introduce HIV evidence is especially offensive in light of the protected status of HIV-positive persons under the law.[5] Evidence of

---

[4] *See, e.g.*, CBS / Associated Press, *HIV-Positive Shelter Worker Sexually Abused 8 Immigrant Boys, Authorities Say*, https://www.cbsnews.com/news/levian-pache-hiv-positive-phoenix-southwest-key-shelter-worker-sexually-abused-8-teen-immigrant-boys-authorities-say-propublica/ (last visited August 3, 2018).

[5] *See, e.g.*, U.S. Dep't of Justice, *Questions & Answers: The Americans With Disabilities Act & Persons with HIV/AIDS*, https://www.ada.gov/hiv/ada_q&a_

membership in a protected class is a highly prejudicial distraction from the actual proof at trial, and its admission has been held erroneous despite the deferential abuse-of-discretion standard that applies on appellate review. *See United States v. Nobari*, 574 F.3d 1065, 1075 (9th Cir. 2009) (finding error in the admission of evidence relating to "membership in a particular ethnic group," despite its relevance under Rule 401). Should the Court find any tangential relevance to evidence of Mr. Pacheco's purported HIV status, it should therefore nonetheless preclude the government from introducing it.

### I. Conclusion

For the reasons explained above, the Court should preclude the government from introducing evidence relating to Mr. Pacheco's purported HIV status.

Respectfully submitted: August 3, 2018.

> JON M. SANDS
> Federal Public Defender
>
>  *s/Benjamin Good*
> BENJAMIN GOOD
> Asst. Federal Public Defender

---

aids.htm (last visited August 3, 2018) ("Persons who are discriminated against because they are regarded as having HIV are also protected. For example, a person who was fired on the basis of a rumor that he had AIDS, even if he did not, would be protected by the law.").

7

Copy of the foregoing transmitted
by ECF for filing August 3, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

DIMITRA SAMPSON
TRACEY VAN BUSKIRK
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

LEVIAN PACHECO
Defendant