**IN THE UNITED STATES DISTRICT COURT**
                             **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Levian D. Pacheco** | **No.  CR-17-01152-001-PHX-SPL** |
| | Benjamin Robert Good and Gerald Williams (FPD) |
| | Attorney for Defendant |

USM#: 14932-104          ICE# A206738167

**THERE WAS A VERDICT OF** guilty on 9/7/2018 as to Counts 1, 2, 3, 4, 6, 7, 8, 9 10 and 11 of the Third Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 1 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a  Felony offense, as charged in Count 2 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 3 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 4 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 6 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 7 of the Third Superseding Indictment; Title 18, U.S.C. §2244(a)(4) and §2246(3), Abusive Sexual Contact with a Ward, a Class E Felony offense, as charged in Count 8 of the Third Superseding Indictment; Title 18, U.S.C. §2243(b) and §2246(2), Sexual Act with a Ward, a Class C Felony offense, as charged in Count 9 of the Third Superseding Indictment; Title 18, U.S.C. §2243(b) and §2246(2), Sexual Act with a Ward, a Class C Felony offense, as charged in Count 10 of the Third Superseding Indictment; Title 18, U.S.C. §2243(b) and 2246(2), Attempted Sexual Act with a Ward, a Class C Felony offense, as charged in Count 11 of the Third Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **TWO HUNDRED TWENTY-EIGHT (228) MONTHS** with credit for time served.  This term consists of **ONE HUNDRED EIGHTY (180) MONTHS** on Count 9, **ONE HUNDRED EIGHTY (180) MONTHS** on Count 10, **ONE HUNDRED EIGHTY (180) MONTHS** on Count 11, **TWENTY-FOUR (24) MONTHS** on Count 1, **TWENTY-FOUR (24) MONTHS** Count 2, **TWENTY-FOUR (24) MONTHS** and on Count 3, **TWENTY-FOUR (24) MONTHS** on Count 4, **TWENTY-FOUR (24) MONTHS** on Count 6, **TWENTY-FOUR (24) MONTHS** on Count 7 and **TWENTY-FOUR (24) MONTHS** on Count 8.  Counts 3, 4, 6, 7, 8, 10 and 11 to run concurrently with each other, Counts 1, 2 and 9 to run consecutively to each other and concurrently with all other counts. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE**.

This term consists of **LIFE** on each of Counts 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11, all counts to run concurrently.

The Court recommends that the defendant be placed in an institution in Arizona or in the southwest portion of the United States to facilitate visitation.

Count 12 dismissed on 7/26/2018. Judgment of acquittal entered as to Count 5 on 9/5/2018.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $1,000.00    **FINE:** WAIVED    **RESTITUTION:** RESERVED

The defendant shall pay a special assessment of $1,000.00 which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay a total of $1,000.00 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in payments to commence 60 days after the release from imprisonment to a term of supervised release. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $1,000.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 of the Third Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) If deported, you must not re-enter the United States without legal authorization.
2) You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions. You must consent to and cooperate with the seizure and removal of any hardware and/or data storage media for further analysis by law enforcement or the probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. You must warn any other residents that the premises may be subject to searches pursuant to this condition.
3) You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. Failure to submit to a search may be ground for revocation of release. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. You must consent to and cooperate

with the seizure and removal of any hardware and/or data storage media for further analysis by law enforcement or the probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. Any search will be conducted at a reasonable time and in a reasonable manner.

4) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

5) You must cooperate in the collection of DNA as directed by the probation officer.

6) You must attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You must abide by the policies and procedures of all the treatment and evaluation providers. You must contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

7) You must attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceeding will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You must contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

8) You must reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

9) You must register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

10) You must not be in the company of or have contact with children who you know are under the age of 18, with the exception of your own children. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party.

11) You must not directly or indirectly contact any victim(s) and victim(s) family of the instant offense(s) without prior written permission. This also includes victim(s) disclosed in treatment, assessment and/or any other victim identified by the probation officer. Indirect contact includes, but is not limited to letters, communication devices, audio or visual devices, communication through a third party and /or your presence at any location the victim(s) may be known to frequent. You must immediately report any contact to the probation officer.

12) You are restricted from engaging in any occupation, business, volunteer activity or profession where you have the potential to be alone with children under the age of 18 without prior written

       permission. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

13) You must not possess or use a computer (including internet capable devices) with access to any 'on-line computer service' at any location (including place of employment) without the prior written permission of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system. You must consent, at the direction of the probation officer, to having installed on your computer(s) (as defined at 18 U.S.C. § 1030(e)(1), including internet capable devices), at your own expense, any hardware or software systems to monitor your computer use.

14) You must consent, at the direction of the probation officer, to having installed on your computer(s) (as defined at 18 U.S.C. § 1030(e)(1), including internet capable devices), at your own expense, any hardware or software systems to monitor your computer use.

15) You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities. You must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

16) You must not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment which allows for interaction with others without prior written permission from the probation officer.

17) You must notify the Court of any material change in your economic circumstances that might affect your ability to pay restitution, fines or special assessments.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant be placed in an institution in Arizona or in the southwest portion of the United States to facilitate visitation.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Monday, January 14, 2019**

Dated this 15th day of January, 2019.

                                                                    _____
                                                                    Honorable Steven P. Logan
                                                                    United States District Judge

**RETURN**

I have executed this Judgment as follows:

defendant delivered on _____ to _____ at _____ , the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

United States Marshal                              By:       Deputy Marshal